■ RICHARD C. MUGLER CO. INC., Respondent, v. A. C. MANAGEMENT CORPORATION, Appellant, et al., Defendants.— Judgment of the Supreme Court, Queens County, dated April 10, 1967, modified, on the law and the facts, by (1) reducing the amount adjudged as the amount of plaintiff's lien and for which plaintiff is awarded judgment, from $4,350.87 to $2,822.40; (2) striking out

the amounts awarded as interest, the total of principal and interest, and an extra allowance; and (3) directing that plaintiff be awarded (a) interest only on the reduced principal amount of $2,822.40 and (b) an additional allowance pursuant to CPLR 8303 (subd. [a], par. 2) at the rate of 5% on said $2,822.40. As so modified, judgment affirmed, without costs. Case remitted to the Special Term for the making and entry of an appropriate amended judgment in accordance herewith. The action is to foreclose a mechanic's lien. The trial court held that appellant had breached its contract with respondent and that respondent was entitled to recover $2,822.40, representing the agreed price for the work actually performed by it, and $1,528.47, representing the value of its material which was removed from the job site by appellant after respondent had refused to do so because of appellant's breach of contract. Respondent was also awarded an extra allowance of $200 pursuant to CPLR 8303 (subd. [a], par. 2). The only question raised by appellant on this appeal involves the propriety of the $1,528.47 item. In our opinion, that item was improperly allowed. Upon the breach of the contract by appellant, respondent was under a duty to make a reasonable effort to minimize the damages resulting from the breach. Under the circumstances of this case, respondent could not refuse to remove its equipment, when directed to do so, and then hold appellant liable for its value, particularly where it does not appear that respondent ever demanded its return (cf. *Losei Realty Corp.* v. *City of New York*, 254 N. Y. 41, 47–48; *Dillon* v. *Anderson*, 43 N. Y. 231, 237; *Town & Country Eng. Corp.* v. *State of New York*, 46 N. Y. S. 2d 792, 806). Costs on appeal are not allowed appellant in view of the manifest inadequacy of the appendix upon which it submitted its appeal (CPLR 5528, subd [e]). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.